# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-50190
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2026

Lyle W. Cayce
Clerk

Margarita Hosseini-Browder,

*Plaintiff—Appellant*,

*versus*

Mahmoud Hosseini; Vanessa Plata,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-860

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Margarita Hosseini-Browder, proceeding pro se, appeals the district court's judgment in favor of the defendants. Hosseini-Browder contends that the district court erred in granting summary judgment in favor of the defendants on her claim that the defendants violated Texas's statutory right

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of publicity and in striking her jury demand on her claims that the defendants violated the Lanham Act and common law trademark infringement.

Hosseini-Browder argues that the district court erred in granting summary judgment on her right of publicity claim because she gained possession of her daughter Justine's postmortem right of publicity when the state probate court awarded her the property within Justine's estate. We review the grant of a motion for summary judgment de novo. *Kohler v. Englade*, 470 F.3d 1104, 1108 (5th Cir. 2006). Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Texas law provides that "[a]n individual has a property right in the use of the individual's name, voice, signature, photograph, or likeness after the death of the individual." TEX. PROP. CODE ANN. § 26.002. This right is freely transferable either before or after death by contract, trust, or testamentary document. TEX. PROP. CODE ANN. § 26.004. Here, there is nothing in the record suggesting that any right of publicity was transferred via contract, trust, or testamentary document.

If the ownership of this right has not been transferred at or before the death of the individual, the entire interest vests in the surviving spouse if there are no surviving children or grandchildren. TEX. PROP. CODE ANN. § 26.005(a)(1). The record reflects that at the time of her death, Justine was married without children, meaning that her statutory right of publicity would transfer automatically by statute to her husband.

Hosseini-Browder argues that because Justine's husband murdered her, Hosseini-Browder gained ownership of Justine's post-mortem right of publicity by way of a constructive trust. But although Texas law provides that a court *can* impose a constructive trust upon the property of a deceased

individual to prevent a beneficiary who willfully and wrongfully caused the death of the deceased from profiting from his own wrong, there is no evidence establishing that a constructive trust *has in fact been imposed* in favor of Hosseini-Browder. *See Bounds v. Caudle*, 560 S.W.2d 925, 928 (Tex. 1977); *Estate of Huffhines*, No. 02-15-00293-CV, 2016 WL 1714171, at *7 (Tex. App. Apr. 28, 2016) ("The bare right to move for a constructive trust based on [the killer's] conduct does not equate to a judicial conclusion that a constructive trust on the remaining funds is warranted."). Accordingly, Hosseini-Browder has not shown that she owns Justine's post-mortem right of publicity at this time.

Hosseini-Browder also argues that the district court erred in adopting the magistrate judge's report, recommending that the defendants' motion for summary judgment be granted because the magistrate judge applied an improper summary judgment standard. However, the record reflects that this claim lacks merit as the magistrate judge applied the correct standard.

Finally, Hosseini-Browder argues that the district court erred in striking her jury demand on her Lanham Act and common law trademark infringement claims. We review de novo whether a party is entitled to a jury trial. *Ancor Holdings, L.P. v. Landon Cap. Partners, L.L.C.*, 114 F.4th 382, 395-96 (5th Cir. 2024).

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Seventh Amendment's use of "Suits at common law" refers to "suits in which *legal* rights are to be ascertained and determined as opposed to equitable rights." *Ancor Holdings*, 114 F.4th at 396 (internal quotation marks and citation omitted). Hosseini-Browder claims that the damages sought for violations of the Lanham Act and common law trademark infringement are predicated on

No. 25-50190

the defendants' gross sales or total revenue.  However, disgorgement of profits is an equitable remedy.  *See Retractable Techs., Inc. v. Becton Dickinson & Co.*, 919 F.3d 869, 883 (5th Cir. 2019).  Because Hosseini-Browder failed to articulate any actual damages, the district court did not err in striking Hosseini-Browder's jury demand.

AFFIRMED.